■ Vincent Arrabito, Appellant, v. Isadore Bressler et al., Respondents. — In a negligence action to recover damages for personal and property injuries, plaintiff appeals from an order of the Supreme Court, Kings County, entered April 26, 1971, which denied his motion for a general preference. Order reversed, with $10 costs and disbursements, and motion granted. In our opinion, under the circumstances of this case, the nature and extent of the injuries and disabilities claimed to have resulted from the accident, and the items claimed as special damages, were sufficient to warrant the granting of a general preference. Latham, Acting P. J., Shapiro, Gulotta and Brennan, JJ., concur; Benjamin, J., dissents and votes to affirm, with the following memorandum: In my opinion this is a small case of minor injuries grossly exaggerated for the purpose of this action which the Justice at Special Term properly relegated to a trial in the Civil Court of the City of New York.

■ Elizabeth Barriero, Respondent, v. Smithtown General Hospital et al., Defendants, and Stuart Scheiner, Appellant.— In this action to recover damages for medical malpractice, in which defendant Scheiner appealed from a judgment of the Supreme Court, Suffolk County, entered November 22, 1971 against him and in favor of plaintiff, upon a jury verdict, plaintiff has made a motion to reverse the judgment and for a new trial and has submitted a written stipulation for such disposition, signed by counsel for the respective parties to the appeal. Motion granted; and, on consent, judgment reversed, without costs, and new trial granted as between plaintiff and defendant Scheiner. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.

■ Benjamin E. Botway, Appellant, v. New York City Transit Authority, Respondent.— Order of the Supreme Court, Kings County, dated July 1, 1969, affirmed, without costs (Cavaliere v. New York City Tr. Auth., 36 A D 2d 532). Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ Brooklyn Express Co., Inc., Respondent, v. Key Food Stores Co-operative, Inc., et al., Appellants, et al., Defendants.— In an action to recover damages inter alia for alleged breach of contract, defendants Key Food Stores Co-operative, Inc., and Allen Newman appeal from an order of the Supreme Court, Kings County, dated June 19, 1972, which denied their motion to take an oral deposition of a proposed nonparty witness. Order reversed, without costs, and motion granted, without costs. In our opinion, the age of the proposed nonparty witness, to wit, almost 75 years, coupled with his residence in Florida for the major part of the year, constitutes an adequate special circumstance under CPLR 3101 (subd. [a], par. [4]). If the examination is to be held in Florida, the expenses thereof shall be paid by appellants. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.